COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Gene Edward MASON, age 18, by and
through his next friend, Roscoe
Mason, Appellee.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

William MASON, age 15, by and through his
next friend, Roscoe Mason, Appellee.

Court of Appeals of Kentucky.

March 26, 1965.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Phillip K. Wicker, Somerset, for appellant.

Grant F. Knuckles, Pineville, for appellees.

PALMORE, Judge.

The appellees, William Mason and Gene Mason, infants proceeding through their father and next friend, filed with the Board of Claims their separate claims against the highway department for personal injuries sustained in the same accident. KRS 44.070 et seq. The cases were tried together and are consolidated on this appeal. Adopting and approving the opinion and order of its referee, the full board upon review (KRS 44.086) found that the claimants were contributorily negligent and dismissed the claims. On further review (KRS 44.140) the Bell Circuit Court determined that the evidence before the Board of Claims was not sufficient to support its findings of contributory negligence, and the cases were remanded to the board with directions to fix the damages and enter awards accordingly. The highway department appeals to this court. KRS 44.150.

The facts are relatively simple. On the afternoon of August 4, 1961, three boys riding one bicycle down a steep and tortuous mountain road on their way to a swimming hole met and collided with a highway department truck coming around a curve. The highway consisted of 14 feet of concrete slab and 13 feet of shoulder. According to the occupants of the truck the bicycle was on the wrong side. The version of the claimants was that they were on the

right side and the truck was straddling the middle of the road. One of the passengers in the truck said the boy could not stop or steer the bicycle and that it was weaving from one side to the other. The driver of the truck said that they were "going all over the road, and I could see them dragging their feet to try to stop the bicycle, and it was swerving all over the road." He stated also that there was sufficient room for the bicycle to pass.

Gene Mason, 18 years old, was driving the bicycle. William, 15, was riding on the cross bars, in front, and another brother, Jerry, was riding behind the driver. Gene testified that they "came to this curve, and I seen this State Highway truck coming up through there on my side, and I tried to stop but I couldn't and I bumped him. We hit one another." Neither boy (only Gene and William testified) was asked whether there was enough room on the highway for the bicycle to pass the truck, but it seems clear that there was because William, though he had described the truck as having been "more on our side than it was on his own," when asked whether all of the truck was on the wrong side replied, "No, you know, it was in the middle of the road."

 If the findings of fact of the Board of Claims are supported by substantial evidence they are conclusive. Commonwealth Dept. of Highways v. General & Excess Insurance Co., Ky., 355 S.W.2d 695, 699 (1962). The question here is whether there was enough evidence to support a finding of contributory negligence. We have no doubt that there was. Harris v. Morris, Ky., 259 S.W.2d 469, 473 (1953).

It is argued in behalf of William, the handlebar passenger, that he was a guest of Gene, the driver, and that Gene's negligence cannot be imputed to him. This we can concede without deciding. The question is not one of imputation, but whether William was negligent in his own right. The contention that riding double or triple does not constitute negligence as a matter of law may also be conceded for purposes of the discussion, because the question in that respect is not whether the boys were negligent as a matter of law, but whether a trier of fact could reasonably find them negligent.

It was the referee's conclusion from the evidence of the bicycle's weaving from side to side, and of the boys dragging their feet on the pavement in a vain effort to slow or stop it, that the bicycle was not under proper control; that the operator's inability to control it was materially influenced by the presence of three riders; that except for this lack of control the bicycle could have passed to the right of the truck and avoided the accident; and that it was negligent of the boys who are the claimants in this proceeding to ride the bicycle in this fashion down a steep and crooked mountain road. This view was approved by the board and we concur.

Appellants take the position that since the board found the truck driver negligent, in that the truck was partially on the wrong side of the road, the testimony of its occupants to the effect that there was room for the bicycle to pass, and that the bicycle was on its wrong side, was rejected. Assuming that the board had found specifically that the bicycle was in its proper traffic lane, still there was evidence from which it could reasonably be found that if the bicycle had been under proper control the accident could and would have been avoided.

The judgments are reversed with directions that the order of the board be affirmed.